**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FREDRIC N. ESHELMAN,<br><br>    *Plaintiff*,<br><br>v.<br><br>TRUE THE VOTE, INC.,<br><br>    *Defendant.* | Case No.  4:20-cv-04034 |

**ORDER GRANTING MR. ESHELMAN'S MOTION
FOR PRELIMINARY INJUNCTION**

Plaintiff Fredric N. Eshelman has sought a preliminary injunction against Defendant True the Vote, Inc. ("Defendant").  Mr. Eshelman alleged that the Defendant has funds in its possession that rightfully belong to Mr. Eshelman, has refused to return these funds, and has demonstrated an intent to transfer, disburse, or dissipate these funds. The Court has considered Mr. Eshelman's Verified Motion for Preliminary Injunction and attachments, the arguments of counsel, and the applicable law.  Based on this review, the Court grants the motion, finding as follows:

1.      Mr. Eshelman provided sufficient notice to Defendant of the Verified Motion for Preliminary Injunction and did not seek *ex parte* relief.

2.      There is a substantial likelihood that Mr. Eshelman will prevail on his claims against Defendant after a hearing on the merits.

3.      Dissipation of Mr. Eshelman's funds would make it impossible for the Court to render a meaningful decision on the merits, and would therefore cause Mr. Eshelman irreparable harm.

4.      If Defendant were not enjoined, Mr. Eshelman will suffer irreparable harm because (1) Mr. Eshelman would not be able to obtain any meaningful remedy against Defendant, legal or equitable; and (2) Mr. Eshelman would no longer be able to use the funds in Defendant's possession to support other election-integrity efforts.

5. The injury to Mr. Eshelman due to the Defendant's conduct outweighs any hardship to the Defendant from being restrained.

6. Granting the Preliminary Injunction would not adversely affect public policy or public interest.

5.      The Court grants Mr. Eshelman's Motion for Preliminary Injunction.  The Court orders that Defendant, and its agents, employees, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, refrain from further transferring, disbursing, or otherwise dissipating the $2.5 million, or any portion of the $2.5 million that remains in Defendant's possession, that Mr. Eshelman gave to Defendant as a conditional gift.

6.      This preliminary injunction preserves the status quo existing when Mr. Eshelman requested a return of his $2.5 million from Defendant.

7.      This Order will expire on once the Court renders a decision on the merits of this suit.

SIGNED on _____ at Houston, Texas.


_____
United States District Judge