IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREDRIC N. ESHELMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>TRUE THE VOTE, INC.,<br><br>*Defendant.* | Case No. 4:20-CV-04034<br><br>**JURY DEMANDED** |

**PLAINTIFF FREDRIC N. ESHELMAN'S
EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Fredric N. Eshelman files this emergency motion for expedited discovery from Defendant True the Vote, Inc. ("Defendant" or "True the Vote") consisting of four requests for production, three interrogatories, and one deposition of limited duration. Mr. Eshelman requests that the Court allow the deposition of Ms. Catherine Engelbrecht—Defendant's founder and executive director—to be taken on five business days' written notice. As to the requests for production and interrogatories, Mr. Eshelman requests that this Court require Defendant to respond to such discovery requests within five business days of service.

**Background**

In November 2020, Mr. Eshelman wired $2.5 million in donations to Defendant *on condition that* Defendant use the funds expeditiously to support an effort to investigate, litigate, and expose suspected illegal balloting and fraud in the 2020 general

1

election. *See* Pl.'s Verified Compl. ¶ 10 (Dkt. No. 1). Approximately two weeks after Defendant received the money, when it became apparent that Defendant was not fulfilling its obligations and had dismissed the election-related lawsuits it had promised to pursue, Mr. Eshelman requested an accounting from Defendant to validate its expenditures. He also requested a return of the remaining funds so that he could redeploy them in pursuing his stated goal. Notwithstanding repeated efforts by Mr. Eshelman, Defendant provided no information about money it had already spent and refused to return the remaining funds to Mr. Eshelman unless he agreed to release claims against Defendant.

Before filing this lawsuit, Mr. Eshelman attempted to obtain an accounting and a return of his money, to no avail. After filing this lawsuit, Mr. Eshelman discovered that the address Defendant identified on the Secretary of State's website as the address for its registered agent (Ms. Engelbrecht) is occupied by an unrelated business that has never heard of Ms. Engelbrecht. In addition, the other address identified by Defendant on the Secretary of State's website is a tax office that is "closed until tax season." In short, Defendant is, *at a minimum*, misrepresenting the location of its operations to the public. Mr. Eshelman fears Defendant is also misrepresenting the extent and nature of its operations.

Because of the time-sensitive nature of election-related lawsuits and the potential that Defendant will attempt to abscond with his money, Mr. Eshelman requested injunctive relief in his Verified Complaint and has filed a Verified Motion for Preliminary Injunction. Mr. Eshelman now asks that the Court permit him to obtain

targeted discovery from Defendant regarding the amount and location of the remaining funds and any efforts by Defendant to spend or move those funds.

### Summary of the Argument

Mr. Eshelman seeks narrowly tailored discovery specifically relevant to the preservation of his assets and is not seeking to expedite all discovery for the pending lawsuit.  Because Mr. Eshelman's request for expedited discovery is targeted to his request for injunctive relief and is not onerous, good cause exists to warrant Mr. Eshelman's motion for expedited discovery.

Defendant has received the Complaint and waived service (Dkt. No. 9), but Defendant has not yet appeared in the lawsuit.  Mr. Eshelman has served a copy of this motion, via electronic mail and facsimile, on the attorney who represents Defendant. Even if Defendant chooses not to respond, however, there is precedent for granting motions for expedited discovery on an *ex parte* basis.  *See, e.g. PSS World Med. Inc. v. Fairchild*, No. 1:11-CV-22, 2011 WL 13217506, at *2 (E.D. Tex. Feb. 3, 2011) (granting expedited discovery before the defendant has appeared or had the opportunity to respond).

### Argument and Authorities

Although parties generally may not conduct discovery until after they have held a Rule 26(f) conference, the Federal Rules of Civil Procedure contemplate that discovery may be expedited in appropriate circumstances, such as when one party seeks a preliminary injunction or faces a showing of irreparable harm. *See* FED. R. CIV. P. 26(d) & advisory committee's note (1993); *Accruent, LLC v. Short*, No. 1:17-CV-858, 2017

WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *Chanel, Inc. v. Kamalsilver.com*, No. 4:14-CV-2617, 2014 WL 12605584, at *1 (S.D. Tex. Oct. 17, 2014); *St. Louis Group, Inc. v. Metals and Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011); *Tracfone Wireless, Inc. v. Wazir-Ali*, No. H-08-0641, 2008 WL 10901781, at *1 (S.D. Tex. Mar. 17, 2008).

Courts require the movant to show "good cause" to justify an order authorizing discovery prior to the Rule 26(f) conference. *See St. Louis Group, Inc.*, 275 F.R.D. at 239; *Chanel, Inc.*, 2014 WL 12605584, at *1. "Good cause" exists when the need for the expedited discovery outweighs the prejudice to the responding party or "when there is some showing of irreparable harm that can be addressed by limited, expedited discovery." *St. Louis Group, Inc.*, 275 F.R.D. at 239–40. The subject matter related to the requests for expedited discovery should be narrowly tailored in scope. *See id.* at 240; *see also Accurent, LLC*, 2017 WL 8811606, at *1.

"In determining whether good cause exists, courts often consider (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Accurent, LLC*, 2017 WL 8811606, at *1 (internal quotation marks and citation omitted).

Applying the facts set out above, Mr. Eshelman requested injunctive relief in his Complaint and in his Verified Motion for Preliminary Injunction. The attached discovery requests are narrowly tailored to discovering information about the amount and location

4

of Mr. Eshelman's remaining funds and any plans Defendant has for moving or spending those funds.  Unlike in *St. Louis Group, Inc.*, Mr. Eshelman is not seeking to conduct "free-ranging" depositions, but rather seeks to serve four requests for production and three interrogatories.  *See* Proposed Interrogatories and Requests for Production, attached as Ex. A.  He also seeks to depose Ms. Engelbrecht for no longer than two hours.  Mr. Eshelman seeks this discovery so that he can ensure the preservation of his remaining funds and prevent an irreparable injury that would result from the dissipation of his money.  Because there are few discovery requests, and because those requests are narrowly tailored, the burden on Defendant in responding is minimal.  Finally, although Defendant seeks this discovery in advance of when it is ordinarily permitted under the Rules, the Court could order the parties to conduct a Rule 26(f) conference as soon as Defendant filed its answer, after which point the parties could begin the typical discovery process.

As described in detail in the Verified Complaint and Verified Motion for Preliminary Injunction—which Mr. Eshelman incorporates herein—Defendant wrongfully refuses to account for the money already spent and to return Mr. Eshelman's remaining funds.  The fact that Defendant will not provide Mr. Eshelman with any information regarding his money, coupled with the fact that Defendant's identified addresses apparently belong to other businesses, reflect the very real possibility that Defendant will abscond with or otherwise spend Mr. Eshelman's money and will be judgment proof.  Therefore, this narrowly drawn request for expedited discovery is

reasonable in light of the irreparable harm to Mr. Eshelman caused by the Defendant's actions.

## Conclusion

For the reasons described above, the Court should permit Mr. Eshelman to conduct limited discovery that is narrowly tailored to obtain information regarding the location of Mr. Eshelman's remaining funds and Defendant's efforts to move or expend those funds. Mr. Eshelman therefore requests that the Court (1) allow him to serve the discovery attached as Exhibit A, (2) require Defendant to respond within five business days, and (3) permit Mr. Eshelman to depose Ms. Engelbrecht on five days' notice for a period of no more than two hours.

Respectfully submitted,

*/s/ J. Meghan McCaig*
State Bar No. 24070083
Federal I.D. No. 1804619
Meghan.McCaig@tklaw.com
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**

Ronald M. Jacobs (*pro hac vice*)
Christopher J. Climo (*pro hac vice*)
Venable LLP
rjacobs@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-8215
(202) 344-8300 (facsimile)

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendant regarding the relief requested in this motion and he represented that Defendant opposes this motion. Accordingly, it is presented to the Court for determination.

*/s/ J. Meghan McCaig*
J. Meghan McCaig

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 14th day of December, 2020, a true and correct copy of the above and foregoing instrument has been forwarded to counsel of record via facsimile transmission (courtesy copy via email) as follows:

> Brock Akers
> The Akers Firm PLLC
> 3401 Allen Parkway, Suite 101
> Houston, TX 77019
> 713-583-8662
> bca@akersfirm.com

                                                   /s/ *J. Meghan McCaig*
                                                   J. Meghan McCaig