

**Douglas A. Daniels**
6363 Woodway Drive, Suite 700
Houston, TX 77057
(713) 917-0024 Office
(713) 917-0026 Fax
doug.daniels@dtlawyers.com

December 17, 2020

**VIA ECF**

Hon. Charles Eskridge
U.S. District Court for the Southern District of Texas
515 Rusk St.
Houston, Texas 77002

    Re:    No. 4:20-cv-04034, *Fredric N. Eshelman v. True the Vote Inc.*

Dear Judge Eskridge:

    Pursuant to this Court's procedures, Plaintiff Fredric N. Eshelman respectfully requests permission to move for expedited discovery from Defendant True the Vote, Inc. ("Defendant") in the above-referenced matter in advance of a hearing on his motion for preliminary injunction.

## Background

    In November 2020, Mr. Eshelman wired $2.5 million in donations to Defendant *on the condition that* Defendant use the funds expeditiously to support an effort to investigate, litigate, and expose suspected illegal balloting and fraud in the 2020 general election. *See* Pl.'s Verified Compl. ¶ 10 (Dkt. No. 1). Approximately two weeks after Defendant received the money, when it became apparent that Defendant was not fulfilling its obligations and had dismissed the election-related lawsuits it had promised to pursue, Mr. Eshelman requested an accounting from Defendant and a return of the remaining funds so that he could redeploy them in pursuing his stated goal. Despite repeated requests, Defendant provided no information about money it had already spent and refused to return the remaining funds to Mr. Eshelman unless he agreed to release claims against Defendant.

    Because of the time-sensitive nature of election-related lawsuits and the potential that Defendant will attempt to abscond with his money, as further detailed in his Verified Motion for Preliminary Injunction (Dkt. No. 10), Mr. Eshelman requested injunctive relief in his Verified Complaint and has filed a Verified Motion for Preliminary Injunction.



Hon. Charles Eskridge
December 17, 2020
Page 2

## Conference with Defendant

On December 16, 2020, counsel for Defendant emailed Mr. Eshelman's counsel and stated that Defendant could agree to provide, on an expedited basis, a response relating to information about how money has been spent. But in exchange, Defendant requested (1) a protective order apply to the information Defendant would provide and (2) that Mr. Eshelman agree to expedited discovery from Defendant relating to Mr. Eshelman's assertion that the gift to Defendant was conditional or restricted.

As to what Defendant agreed to provide on an expedited basis, if Defendant intends to provide this information in the form of document production, this response parallels with Mr. Eshelman's Expedited Request for Documents #3. *See* Plaintiff's Proposed Expedited Discovery, attached as Ex. A. But Defendant's response does not address Mr. Eshelman's other limited requests (in total, four document requests and three interrogatories), so it is insufficient.

Further, as requested by Defendant, Mr. Eshelman is willing to agree to a protective order for up to sixty days to keep confidential the information provided by both Defendant and Mr. Eshelman pursuant to the expedited requests. Also as requested by Defendant, Mr. Eshelman is agreeable to responding to limited expedited discovery from Defendant that is narrowly tailored to Mr. Eshelman's assertion that the gift to Defendant was conditional or restricted.

## Argument and Authorities

Although parties typically cannot conduct discovery until after a Rule 26(f) conference, the Federal Rules of Civil Procedure contemplate that discovery may be expedited in appropriate circumstances, such as when one party seeks a preliminary injunction or faces a showing of irreparable harm. *See* Fed. R. Civ. P. 26(d) & advisory committee's note (1993); *Turner Indus. Group, LLC v. Int'l Union of Operating Engineers, Local 450*, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013); *St. Louis Group, Inc. v. Metals and Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

Courts require the movant to show "good cause" to justify an order authorizing discovery before a Rule 26(f) conference. *See Turner Indus.*, 2013 WL 2147515 at *3. "Good cause" exists when the need for the expedited discovery outweighs the prejudice to the responding party or "there is some showing of irreparable harm that can be addressed by limited, expedited discovery." *St. Louis Group*, 275 F.R.D. at 239–40. Courts thus consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Accruent, LLC v. Short*, No. 1:17-CV-858, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017) (internal quotation marks and citation omitted).

Case 4:20-cv-04034   Document 16   Filed on 12/17/20 in TXSD   Page 3 of 4



Hon. Charles Eskridge
December 17, 2020
Page 3

Here, Mr. Eshelman has sought injunctive relief and is seeking limited discovery consisting of no more than four requests for production and three interrogatories, *see* Ex. A, and a two-hour deposition of Defendant's President. Mr. Eshelman seeks this discovery so that he can ensure the preservation of his remaining funds and prevent an irreparable injury that would result from the dissipation of his money. Because there are few discovery requests, and because those requests are narrowly tailored, the burden on Defendant in responding is minimal. Finally, although Mr. Eshelman seeks this discovery in advance of when it is ordinarily permitted under the Rules, the Court could order the parties to conduct a Rule 26(f) conference as soon as Defendant files its answer, after which point the parties could begin the typical discovery process.

As described in detail in the Verified Complaint (Dkt. No. 1) and Verified Motion for Preliminary Injunction (Dkt. No. 10), Defendant wrongfully refuses to account for the money already spent and to return Mr. Eshelman's remaining funds, and there is a very real possibility that Defendant will abscond with or otherwise spend Mr. Eshelman's money and will be judgment proof. Therefore, this narrowly drawn request for expedited discovery is reasonable in light of the irreparable harm to Mr. Eshelman caused by Defendant's actions.

In fact, as described above, Defendant has agreed to limited expedited discovery paralleling Plaintiff's Document Request #3, if Mr. Eshelman agrees to a protective order and agrees to respond to limited discovery himself on an expedited basis. However, the other document requests and interrogatories not addressed by Defendant during counsels' conference are pivotal as well, because it is imperative that Mr. Eshelman establish the amount and location of his conditional gift currently in Defendant's possession, and what payments that are or may become due by Defendant that Defendant intends to pay out of Mr. Eshelman's conditional gift.

It is also vital that Mr. Eshelman be able to depose Defendant's President in order to explain the responsive documents and fill in the gaps where the documents do not contain the necessary information to properly track the funds that have been spent and for what purpose, and the funds that remain in Defendant's possession or control.

## Conclusion

For the reasons described above, Mr. Eshelman requests permission to file a motion for expedited discovery that is narrowly tailored to his request for injunctive relief. Mr. Eshelman therefore requests that the Court (1) allow him to file a motion for expedited discovery that includes the requests attached in Exhibit A, (2) require Defendant to respond to that discovery within five business days, and (3) permit Mr. Eshelman to depose Defendant's President, Ms. Catherine Engelbrecht, on five days' notice for a period of no more than two hours.



Hon. Charles Eskridge
December 17, 2020
Page 4

                      Respectfully,

                      DANIELS & TREDENNICK PLLC

                      */s/ Douglas A. Daniels*

                      Douglas A. Daniels

                      **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

CC:
*VIA Email*

Brock C. Akers, counsel for Defendant, bca@akersfirm.com
Meghan McCaig, counsel for Plaintiff, Meghan.McCaig@tklaw.com
Ronald M. Jacobs, counsel for Plaintiff, RMJacobs@Venable.com
Chris J. Climo, counsel for Plaintiff, CJClimo@Venable.com
Sabrina R. Tour, counsel for Plaintiff, sabrina@dtlawyers.com