UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FREDRIC N. ESHELMAN.**<br>*Plaintiff,*<br><br>v.<br><br>**TRUE THE VOTE,**<br>*Defendant* | CIVIL ACTION NO. 4:20-CV-04034 |

## MOTION TO EXTEND RESPONSE DEADLINE ON MOTION FOR PRELIMINARY INJUNCTION

Defendant, TRUE THE VOTE, seeks direction from the Court as to a deadline to respond to Plaintiff's Motion for Preliminary Injunction, or alternatively an extension to respond to the Preminary Injunction until January 15, 2021. In that regard, Defendant points out the following to the Court:

1. The undersigned counsel represents True the Vote, Inc., has made an appearance, and will file an answer to Plaintiff's Original Petition. That answer is due February 5, 2021. Plaintiff filed the Motion for Preliminary Injunction prior to the undersigned making an appearance. Per the court's standard rules for motion practice, a response from the date of filing of motion would be due in 21 days, which would be tomorrow by our calculations. However, the Court's rules do not appear to contemplate motions and responses due prior to an answer date, leading to this request for clarification.

2. If the Court is looking for a response from the date of filing of the Motion for Preliminary Injunction, a Response from True the Vote is due January 5, 2021. True the Vote seeks an extension of the time to respond until January 15, 2021.

3. Upon request, Plaintiff agreed to provide responses to very abbreviated discovery from True the Vote relating to the issues which are to be fundamental to the Injunction. However, Plaintiff has agreed to provide such discovery by January 7, 2021, which is after the theoretical deadline for a response from True the Vote to the Motion for Preliminary Injunction. In order to incorporate the production into the response itself, without the need to seek leave to supplement after the discovery responses, Defendant True the Vote requires an extension from the theoretical due date, and asks until January 15, 2021.

4. After Defendant responded to the discovery requests of Plaintiff, which was responded to a day prior to the Court's deadline, Plaintiff filed an amended complaint adding additional parties. These additional parties are alleged in this petition to have committed conduct and to be bound by the requested injunction. These additional parties have not been served, and have not yet determined counsel. Inasmuch as Plaintiff has now sued these additional parties and the requested injunction would affect them, these parties are entitled to input to the Court.

### Certificate of Conference.

This matter has been discussed with Plaintiffs, and no agreement could be reached. Plaintiffs offered to agree to the extension if and only if True the Vote would agree to the most salient of terms in the injunction—the spending of its funds. As the Court likely has already gleaned, this lawsuit arises from money donated by Plaintiff Eshelman to True the Vote which Mr. Eshelman now wants back. The funds donated by Mr. Eshelman were placed in the general fund coffers of True the Vote, a 501c(3) entity that has been working diligently on issues relating to election and voter integrity. Since the November election, there has been a tremendous amount of activity

which the Court will learn about in the response of True the Vote. It would be impossible for True the Vote to agree to no longer spend funds donated by Mr. Eshelman because there is no distinction between funds from other sources and funds from Mr. Eshelman. True the Vote could claim it is only spending going forward money that it already had, but such would be disingenuous because of the difficulty in distinguishing the funds. True the Vote has pointed this out to Plaintiffs, but the request for reconsideration of the agreement was denied.

## CONCLUSION

If the Court does not expect a response to the Motion for Preliminary Injunction prior to answer date or some other deadline, Defendant True the Vote respectfully requests a date by which a response is due. Alternatively, Defendant True the Vote requests an extension until January 15 which will enhance the ability to focus on the important issues requiring resolution by the Court.

Respectfully submitted,

THE AKERS FIRM, PLLC

By: /s/ Brock C. Akers

Brock C. Akers
State Bar No. 00953250
The Clocktower Building
3401 Allen Parkway, Ste. 101
Houston, Texas 77019
(713) 877-2500
1-713-583-8662 (Fax)

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that, on this 4th day of January 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brock C. Akers