United States District Court
Southern District of Texas
**ENTERED**
January 08, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FREDRIC N. ESHELMAN, | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-04034 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| TRUE THE VOTE INC, *et al*, | | |
| Defendants. | | |

## ORDER STRIKING MOTIONS

Plaintiff Fredric N. Eshelman has moved for a temporary restraining order as to all Defendants and for a preliminary injunction as to Defendants Catherine Engelbrecht, Gregg Phillips, OPSEC Group, LLC, James Bopp, Jr., and The Bopp Law Firm. Dkt 38. Eshelman has also moved to file that motion under seal. Dkt 36.

The motions are stricken for failure to comply with this Court's procedures.

Section 17(a) requires parties to make serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief. And it specifically states that motions in civil cases will be stricken "that don't include a certificate of conference." Neither of the motions includes a certificate of conference.

Section 18(c) also requires parties to limit any motion or response to 5,000 words. It further requires parties to provide a certificate of word count following the signature block. The motion for temporary restraining order and preliminary injunction appears to plainly exceed this limit but doesn't include a certificate of word count. Dkt 38.

Section 12(b) states, "A presumption exists as to public access to judicial records. The Court disfavors the filing of any pleading, brief, or supporting material under seal." But parties may seek permission to file a motion under seal by establishing good cause as follows:

> Under seal, file the at-issue pleading, brief, or other material. On the public record, separately file a motion to seal. Prepare and attach to the motion a redacted version of the material suitable to and proposed for filing on the public docket. In the alternative, establish cause why redaction isn't possible.

It is for this Court to determine what is appropriate to seal pursuant to Section 12(c). To the contrary, Eshelman appears to have made his own filings on assumption that seal is appropriate, without appropriate redacted versions proposed for the public record. See Dkts 36, 37, and 38.

This isn't the first time that a motion by Eshelman has been stricken for failure to observe this Court's procedures. See Dkt 12. The parties must abide by these rules going forward.

The motion for a temporary restraining order and for a preliminary injunction is STRICKEN. Dkt 38.

The motion to file under seal and the related filing of sealed exhibits are STRICKEN. Dkts 36, 37.

Eshelman may refile his motions in compliance with this Court's procedures.

SO ORDERED.

Signed on January 8, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge