IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREDRIC N. ESHELMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, GREGG PHILLIPS, OPSEC GROUP, LLC, JAMES BOPP, JR., AND THE BOPP LAW FIRM,<br><br>*Defendants.* | Case No. 4:20-cv-04034<br><br>**JURY DEMANDED** |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

TO THE HONORABLE COURT:

On the morning of 1/12/21, Defendants proposed that counsel conference on 1/13/21, all counsel agreed, and the Court was notified. In its subsequent 1/12/21 minute order, the Court ordered that the Plaintiff's Motions were to be held in abeyance and that counsel were to file a Joint Status Report after their 1/13/21 conference. As a result, counsel for all parties conferred on 1/13/21 regarding Plaintiff's Emergency Application for Temporary Restraining Order and Motion for Preliminary Injunction (Dkt. 41-1), and Motion to Seal (Dkt. 41), and a proposed briefing schedule. The Parties' positions are as follows:

1. The Parties agree that the 1/11/2021 Motion for Preliminary Injunction (Dkt. 41-1) is a Motion as to Defendant True the Vote (in addition to all other Defendants).

2. Due to the prior agreement, Plaintiff agrees to withdraw his first Motion for Preliminary Injunction (Dkt. 10).

3. Defendants The Bopp Law Firm and James Bopp were able to come to a temporary agreement with Plaintiff, so Plaintiff's Application for TRO (Dkt. 41-1) is now moot as to these two Defendants. (However, the Motion for Preliminary Injunction, also in Dkt. 41-1, as to these two Defendants is still ripe.)

1

4. Plaintiff and Defendants True the Vote, OPSEC, Catherine Engelbrecht, and Gregg Phillips were unable to come to an agreement regarding Plaintiff's Application for TRO, so the Application for TRO is still ripe as to these Defendants.

5. Because of Plaintiff's understanding of the Court's procedures and 1/8/2021 Order, Plaintiff's Motion to Seal (Dkt. 41) includes only references in its Application for TRO and Motion for PI that reference True the Vote's bank account numbers, True the Vote's bank records (Exhibit J), and the Proposed Order which includes bank account and wire numbers. However, Defendant True the Vote believes that all of the financial transactions involving True the Vote should be placed under seal. The nature of the political atmosphere involving those interested in voter integrity is such that True the Vote receives great scrutiny from various organizations, typically "progressive" in nature, where every person, business or group that affiliates or does business with True the Vote finds itself at risk of harassment or other intimidation efforts. These persons, businesses and entities prefer anonymity, and count upon it. If these relationships were revealed in unsealed documents in this case, such persons, businesses and entities are at risk of being unfairly burdened in this way. Plaintiff neither accepts nor denies these assertions by True the Vote, but is not interested in burdening third parties unnecessarily, and is not opposed to sealing the discovery responses.

6. Plaintiff requests limited expedited discovery for purposes of the Preliminary Injunction. Thus far, Plaintiff and Defendant True the Vote have exchanged limited expedited discovery. Plaintiff intends to send narrow discovery requests to the other Defendants related to the Motion for Preliminary Injunction. Should the Defendants not agree to produce the requested documents after a conference regarding the matter as required by the Court's rules and procedures, Plaintiff will approach the Court by emailed letter on this issue and Defendants should have an opportunity to respond.

## Parties' Proposed Briefing Schedule

1. <u>Plaintiff's Application for TRO</u> (Dkt. 41-1)
    a. Parties were unable to reach an agreement on a hearing on the TRO or a briefing schedule on the TRO.
    b. Plaintiff respectfully requests that the Court hear Plaintiff's Application for TRO as soon as possible and that any written response by the Defendants be filed before the TRO hearing.
    c. Defendants remaining in the Application for TRO do not agree that there should be two hearings (on the TRO and then the PI); the remaining Defendants request that, if the Court holds a hearing, there be only one hearing combining both the Application for TRO and the Motion for PI and

that the parties be allowed the opportunity to submit written response and reply briefs before any hearing on both the TRO and PI or before separate hearings on each. If the Court agrees to a consolidated hearing on the TRO and PI, Defendants request that the TRO and PI briefing be consolidated and follow the agreed upon schedule below for the PI.

d.  Should the Court allow two separate hearings, Brock Akers, counsel for the Defendants remaining in this Application for TRO, is available the afternoons of Friday, 1/15, Tuesday, 1/19, and Wednesday, 1/20. Plaintiff's counsel is also available on these dates. All counsel would, of course, make themselves available at any time, even if there was a scheduling conflict, to accommodate the Court's preference.

2.  <u>Plaintiff's Motion for Preliminary Injunction as to all Defendants</u> (Dkt. 41-1)
    a.  All parties agree to the following schedule for consideration of the Motion for Preliminary Injunction.
    b.  Defendants' Response – Due 1/22/2021
    c.  Plaintiff's Reply – Due 1/27/2021
    d.  The Parties will abide by the Court's decision on Plaintiff's Motion to Seal (Dkt. 41) as to the various exhibits in sealing (or not sealing) their exhibits in these subsequent briefs.
    e.  Should the Court permit a hearing on Plaintiff's Motion for Preliminary Injunction, the Parties are available on 1/29/2021 (pending a cancellation of Mr. Bopp's hearing in a different matter, which he believes will likely be continued).

On Behalf of Plaintiff Fredric N. Eshelman:


 /s/ Douglas A. Daniels
ATTORNEY-IN-CHARGE FOR PLAINTIFF


On Behalf of Defendants True the Vote, Inc., Catherine Engelbrecht, Gregg Phillips, and OPSEC Group, LLC:

Brock C. Akers
ATTORNEY-IN-CHARGE FOR DEFENDANTS

On Behalf of Defendants James Bopp, Jr. and The Bopp Law Firm: PC.

James Bopp, Jr.
ATTORNEY-IN-CHARGE FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2021 a true and correct copy of the above foregoing document has been forwarded to all counsel of record via ECF.

Brock Akers
The Akers Firm PLLC
3401 Allen Parkway, Suite 101
Houston, TX 77019
(713) 583-8662
bca@akersfirm.com
*Counsel for Defendant TTV, Catherine Engelbrecht, OPSEC, and Gregg Phillips*

James Bopp, Jr.
jboppjr@aol.com
Melena Siebert
msiebert@bopplaw.com
Rob Citak
rcitak@bopplaw.com
Jeffrey Gallant
jgallant@bopplaw.com
Courtney Milbank
cmilbank@bopplaw.com
The Bopp Law Firm
1 South Sixth St.
Terre Haute, IN 47807
(812) 232-2434
*Counsel for Defendants James Bopp, Jr. and The Bopp Law Firm*

*/s/ Douglas A. Daniels*
Douglas A. Daniels