D. Victoria Baranetsky (*pro hac vice* pending)
Cal. Bar No. 311892
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org
Telephone: (510) 982-2890

Thomas S. Leatherbury
Southern District No. 19358
Texas Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue, Ste. 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 999-7792
tleatherbury@velaw.com

Peter Steffensen
Southern District No. 3372006
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Attorneys for Movant-Intervenor

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FREDRIC N. ESHELMAN,<br>    *Plaintiff*,<br><br>v.<br><br>TRUE THE VOTE, INC.,<br>CATHERINE ENGELBRECHT,<br>GREGG PHILLIPS,<br>OPSEC, LLC,<br>JAMES BOPP, JR., AND<br>THE BOPP LAW FIRM,<br>    *Defendants*. | Case No. 4:20-cv-04034<br><br>**OPPOSED MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS; MEMORANDUM OF LAW IN SUPPORT**<br><br>Before: Judge Charles Eskridge, III |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  NATURE & STAGE OF THE PROCEEDING........................................................... 1

III. FACTUAL BACKGROUND ....................................................................................... 2

IV.  ARGUMENT ................................................................................................................. 3

    A.  CIR Has Standing to Intervene under the Common Law and Should Be Granted the Right to Intervene Under Rule 24(b) ............................................ 3

    B.  This Court Should Unseal Records Where the Sealing Motion and Court Order Did Not Meet the Requisite Specificity Requirements. ........................ 4

        1.  The records are improperly sealed because the sealing papers were not plead with particularity. ........................................................... 5

        2.  The records are improperly sealed because the Court's sealing order was not sufficiently specific. ....................................................... 6

    C.  Movant and the Public are Entitled to Inspect the Material Sealed Here Under the Common Law Right of Access to Judicial Records. ....................... 7

        1.  Information in the sealed records is already public and therefore cannot remain under seal. ................................................................... 8

        2.  The records must be unsealed under the common law right of access because of the intense public interest in this matter. ............... 10

V.   CONCLUSION ........................................................................................................... 12

CERTIFICATE OF WORD COUNT .................................................................................. 13

CERTIFICATE OF CONFERENCE ................................................................................... 14

CERTIFICATE OF SERVICE.............................................................................................. 14

# **INDEX OF AUTHORITIES**

**CASES**

*Belo Broadcasting Corp. v. Clark*,
654 F.2d 423 (5th Cir. 1981) .................................................................................................. 6

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
814 F.3d 132 (2d Cir. 2016) ................................................................................................... 3

*Binh Hoa Le v. Exeter Fin. Corp.*,
990 F.3d 410 (5th Cir. 2021) ................................................................................. 6, 7, 10, 11

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
920 F.3d 209 (5th Cir. 2019) ...................................................................................... 5, 6, 11

*Bradley ex rel. AJW v. Ackal*,
954 F.3d 216 (5th Cir. 2020) ................................................................................... 1, 6, 7, 10

*Davis v. E. Baton Rouge Par. Sch. Bd.*,
78 F.3d 920 (5th Cir. 1996) .................................................................................................... 3

*Doe v. Sante Fe Indep. Sch. Dist.*,
933 F. Supp. 647 (S.D. Tex. 1996) ......................................................................................... 1

*Doe v. Stegall*,
653 F.2d 180 (5th. Cir. 1981) ................................................................................................. 1

*Eshelman v. True the Vote, Inc., et al.*,
No. 2021V-0015 (155th Jud. District, Austin County, TX, filed Feb. 1, 2021) ............. 3, 9

*Est. of Baker by & through Baker v. Castro*,
No. CV H-15-3495, 2020 WL 2235179 (S.D. Tex. May 7, 2020 ........................................ 4

*F.T.C. v. Standard Fin. Mgmt. Corp.*,
830 F.2d 404 (1st Cir. 1987) ................................................................................................ 12

*Fed. Sav. & Loan Ins. Corp. v. Blain*,
808 F.2d 395 (5th Cir. 1987) ................................................................................................. 8

*Flynt v. Lombardi*,
782 F.3d 963 (8th Cir. 2015) ................................................................................................. 4

*Gate Guard Servs. L.P. v. Solis*,
No. CIV.A. V-10-91, 2012 WL 4625679 (S.D. Tex. Sept. 30, 2012) ................................ 11

*In re Estelle*,
516 F.2d 480) (5th Cir. 1975) ................................................................................................ 4

*In re Gee*,
No. 19-30953, 2019 WL 13067384 (5th Cir. Nov. 27, 2019) ......................................... 7, 8

*June Med. Servs., L.L.C. v. Phillips*,
22 F.4th 512 (5th Cir. 2022) ........................................................................................ passim

*Leopold v. United States*,
    964 F.3d 1121 (D.C. Cir. 2020) .................................................................................. 3, 7

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
    781 F.3d 182 (5th Cir. 2015) ........................................................................................... 8

*Newby v. Enron Corp.*,
    443 F.3d 416 (5th Cir. 2006) ....................................................................................... 3, 4

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ......................................................................................................... 3

*Pfeiffer v. Ajamie PLLC*,
    No. CV H-19-2760, 2019 WL 11717182 (S.D. Tex. Oct. 23, 2019) .................................. 5

*S.E.C. v. Van Waeyenberghe*,
    990 F.2d 845 (5th Cir. 1993) ........................................................................................ 7, 11

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*,
    187 F.3d 1096 (9th Cir. 1999) ......................................................................................... 3

*U.S. v. Aldawsari*,
    683 F.3d 660 (5th Cir. 2012) ........................................................................................... 3

*U.S. v. Holy Land Found. For Relief & Dev.*,
    624 F.3d 685 (5th Cir. 2010) ........................................................................................... 3

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
    913 F.3d 443 (5th Cir. 2019) .................................................................................... passim

*Washington Post v. Robinson*,
    935 F.2d 282 (D.C. Cir. 1991) ......................................................................................... 8

**RULES**

Fed. R. Civ. P. 24 ..................................................................................................................... 4

Fed. R. Civ. P. 24(b) ................................................................................................................ 3

**OTHER AUTHORITIES**

Cassandra Jaramillo, *She Helped Create the Big Lie. Records Suggest She Turned It
    Into a Big Grift*, REVEAL (June 8, 2022), https://bit.ly/3AKz7Zt .............................. 1, 11

Jeanine Santucci, *Donor to pro-Trump group sues to get his money back after
    dropped election lawsuits*, USA TODAY (Nov. 27, 2020), https://bit.ly/3AjfVAE ...... 1, 11

Shawn Boburg & Jon Swaine, *A GOP donor gave $2.5 million for a voter fraud
    investigation. Now he wants his money back*, WASH. POST (Feb. 15, 2021),
    https://wapo.st/3AmJu4d ........................................................................................... 1, 11

## I.  INTRODUCTION

The Center for Investigative Reporting ("CIR" or "Movant") seeks leave to intervene for the purpose of unsealing judicial records to be used by the news media for reporting on a matter of great public interest.  These materials should be unsealed due to procedural errors evident in the Court's record and most importantly, because Movant has a common law right of access to these judicial records.[1]

Movant and other media outlets have extensively covered this legal dispute, which concerns Plaintiff's $2.5 million donation in support of Defendants' efforts to challenge the outcome of the 2020 U.S. presidential election in courts across the country.  *See, e.g.*, Cassandra Jaramillo, *She Helped Create the Big Lie. Records Suggest She Turned It Into a Big Grift*, REVEAL (June 8, 2022), https://bit.ly/3AKz7Zt; Shawn Boburg & Jon Swaine, *A GOP donor gave $2.5 million for a voter fraud investigation. Now he wants his money back*, WASH. POST (Feb. 15, 2021), https://wapo.st/3AmJu4d; Jeanine Santucci, *Donor to pro-Trump group sues to get his money back after dropped election lawsuits*, USA TODAY (Nov. 27, 2020), https://bit.ly/3AjfVAE, attached as Exhibit 2. Given such intense public interest, it is beyond dispute that the records should be unsealed.

## II.  NATURE & STAGE OF THE PROCEEDING

Plaintiff Fredric Eshelman ("Eshelman") filed a complaint against Defendant True the Vote ("TTV") in November 2020.  Dkt. 1.  In December 2020, Plaintiff Eshelman amended his complaint to add additional defendants: Catherine Engelbrecht ("Engelbrecht"), Gregg Phillips ("Phillips"), James Bopp, Jr. ("Bopp"), The Bopp Law Firm ("Bopp Firm"), and OPSEC, LLC ("OPSEC").  Dkt. 20.  Plaintiff voluntarily dismissed the matter against all defendants in February 2021.  Dkt. 56.

---

[1] Although Movant focuses on the common law right of access in this motion, they also have a First Amendment right of access to the records.  *See Doe v. Sante Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 650 (S.D. Tex. 1996) (finding "the right of the public to attend civil trials is grounded in the First Amendment as well as the common law") (citing *Doe v. Stegall*, 653 F.2d 180, 185 n.10 (5th. Cir. 1981) and other cases); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (finding common law right of access was dispositive and thus not addressing First Amendment right of access).

### III.  FACTUAL BACKGROUND

At the heart of this case is Plaintiff Eshelman's claim that Defendants "persisted in wrongfully withholding $2.5 million in Plaintiff's money."  Amended Compl., Dkt. 20 at ¶ 18.  Specifically, Eshelman alleged Engelbrecht was "personally enriched" from the large donation, *id.* at ¶ 81; that "Phillips personally pocketed some or all of the money," *id.* at ¶ 82; that OPSEC (of which Phillips is the president, *id.* at ¶ 12) "was wired money that is at the heart of this dispute from Defendant True the Vote's bank account," *id.* at ¶ 9; and that Bopp and the Bopp Firm were "wired money (that is the at the heart of this dispute)," *id.* at 9.[2]  These allegations are all in the public's interest.

At least three crucial judicial records on this docket are currently under seal that Movant wishes to unseal: portions of Plaintiff's preliminary injunction motion (Dkt. 41-1); an exhibit to that motion (Dkt. 41-2); and portions of exhibits to Defendant Bopp's opposition to that motion (Dkt. 45).  On January 8, 2021, the Court rejected Plaintiff's first attempt to seal materials due to procedural deficiencies.  Dkt. 39.  On January 11, 2021, Plaintiff Eshelman sought leave to file under seal portions of both his preliminary injunction motion and an exhibit to that motion under seal.  Dkt. 41.  In the injunction motion, Plaintiff sought leave to seal references to the amount in TTV's Wells Fargo account prior to Eshelman's donation.  *Id.* at 2; Dkt. 41-1 at 1, 5, and 15.  Plaintiff also sought leave to seal in its entirety Exhibit J, which Plaintiff described as "True the Vote's bank account records" containing "account numbers and wire numbers."  Dkt. 41 at 2.  In an order dated January 19, 2021, addressing numerous motions, the Court approved Plaintiff's sealing requests as to the injunction motion and Exhibit J.  Dkt. 44.  Subsequently, without seeking the Court's leave, Defendants Bopp and the Bopp Firm on January 21, 2021, filed redacted exhibits accompanying their response in opposition to the injunction motion.  Dkt. 45-1.

On February 1, 2021, the same day Plaintiff voluntarily dismissed his complaint in this matter, Dkt. 56, Plaintiff Eshelman also filed litigation against Defendants in Texas state

---

[2] Eshelman's claims center on wire transfers from Eshelman to TTV's Wells Fargo bank account, *id.* at ¶¶ 22, 27, and subsequent wires from TTV's account to the other defendants, *id.* at ¶ 9.

court. *See Eshelman v. True the Vote, Inc., et al.*, No. 2021V-0015 (155th Jud. District, Austin County, TX, filed Feb. 1, 2021) (hereinafter "Austin County Litigation"). Information that remains under seal on this Court's docket was also filed in the Austin County Litigation unsealed and unredacted—and remains open to public view.

## IV.  ARGUMENT

### A.  CIR Has Standing to Intervene under the Common Law and Should Be Granted the Right to Intervene Under Rule 24(b)

It is well-established under common law that nonparties, particularly news media organizations, have standing to intervene to gain public access to sealed court documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The Fifth Circuit has long acknowledged this right, as have sister circuit courts around the country. *See Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 926–27 (5th Cir. 1996) (nonparty news agencies had standing to challenge court's confidentiality order); *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Nonparties "routinely access" sealed documents "in a civil case through motions for permissive intervention" when the requirements under Rule 24(b) are met. *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) (citing cases).

Here, Movants clearly have standing to intervene under the common law. *See Davis*, 78 F.3d at 926–27. Indeed, this Circuit has regularly permitted nonparties, even those not representing the news media, to intervene for the purpose of unsealing judicial records. *U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (nonparty had standing to intervene to unseal records); *see also U.S. v. Aldawsari*, 683 F.3d 660, 664–65 (5th Cir. 2012) (nonparty journalist had standing to intervene to challenge gag order).

This motion also meets all three requirements under Rule 24(b) for permissive intervention. *See generally Est. of Baker by & through Baker v. Castro*, No. CV H-15-3495,

2020 WL 2235179, at *3 (S.D. Tex. May 7, 2020).  *First*, this motion to intervene is timely. Movant only recently became aware of the sealed documents on this docket and now files this motion.  *See id.* ("[t]he proper reference for timeliness is when Movant became aware of [its] interest in the sealed documents"); *see also Flynt v. Lombardi*, 782 F.3d 963, 967 n.2 (8th Cir. 2015) (motion to intervene for unsealing purposes was timely in a case dismissed a year earlier).  *Second*, this motion satisfies Rule 24's "claim-or-defense" requirement, which is "construed liberally" for unsealing motions, *Newby*, 443 F.3d at 422–23 (citing *In re Estelle*, 516 F.2d 480, 485) (5th Cir. 1975)), because Movant seeks "adjudication of whether the court properly sealed court documents from public view." *Est. of Baker*, 2020 WL 2235179, at *3.  *Finally*, this motion does not unduly delay or prejudice any party's rights because Movant "do[es] not seek to disturb" the underlying resolution of this matter, which has been voluntarily dismissed.  *See id.* at *4.

### B. This Court Should Unseal Records Where the Sealing Motion and Court Order Did Not Meet the Requisite Specificity Requirements.

The Fifth Circuit alongside other courts requires a certain measure of specificity in order to justify sealing.  Both the parties moving for sealing and the court order are required to "articulate a specific harm that would be caused by the disclosure of the documents." *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). In cases with deficiencies in specificity, Courts will often unseal records for lack of reasoning.  *Id*. (affirming unsealing where party offered deficient motion to seal); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (vacating district court's deficient sealing order).

Here, the documents should never have been sealed in the first place due to procedural deficiencies evident in the Court's docket that directly conflict with the common law right of access. These deficiencies include the parties' inadequate efforts to seek leave to file the records under seal as well as the Court's insufficient sealing order.

### 1. The records are improperly sealed because the sealing papers were not plead with particularity.

Under Fifth Circuit precedent applying common law, Parties cannot seal judicial records unilaterally and without specific reasoning for sealing. *Pfeiffer v. Ajamie PLLC*, No. CV H-19-2760, 2019 WL 11717182, at *2 (S.D. Tex. Oct. 23, 2019) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).  Instead, sealing judicial records is only appropriate if the moving party seeks the court's leave and files a motion that "explain[s] in particularity the necessity for sealing." *Id.*  In so doing, the party must "articulate a specific harm that would be caused by the disclosure of the documents." *Vantage Health Plan*, 913 F.3d at 451 (5th Cir. 2019).

In this case, the parties failed to satisfy basic procedural requirements to seal judicial records without permission or the requisite specificity.  Defendants Bopp and the Bopp Firm filed exhibits under seal without seeking the Court's permission, which they conceded. *See* Dkt. 45 at 27.  Additionally, the Defendants made only "bald assertions" in their filings stating the putative harms of unsealing without factual support or providing any legal analysis.  *See Vantage Health Plan*, 913 F.3d at 451.  The conclusory nature of these assertions is further underscored by the fact that the sealing motion offered *conflicting* positions regarding which materials should be sealed: Plaintiff suggested only TTV's bank account balance should be redacted from the motion, while TTV asked that additional information be redacted, such as individual disbursement amounts. Dkt. 41 at 2.  Ultimately combining these conflicting positions without *any* supporting caselaw or legal analysis, the parties somehow asserted that Exhibit J should be sealed in its entirety.[3] *Id.*

As in *Vantage Health Plan*, the parties "offered nothing but conclusory statements to support a blanket claim of confidentiality," 913 F.3d at 451, and even their conclusory statements were in contradiction, and therefore are not sufficient to justify continued sealing where there is a presumption of access.

---

[3] In a joint status report following the motion to seal, the parties briefly reiterated their differing views on which materials should be sealed—which is similarly scant and thus unsatisfactory under the rules. Dkt. 42 at 2.

-5-

## 2. The records are improperly sealed because the Court's sealing order was not sufficiently specific.

To properly seal records, the court must evaluate each sealing request and "undertake a 'document-by document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure." *June Med.*, 22 F.4th at 521 (cleaned up). "Judges, not litigants" are responsible for this document-by-document review because "[m]ost litigants have no incentive to protect the public's right of access." *BP. Expl. & Prod.*, 920 F.3d at 211. Sealing orders must contain "a level of detail that will allow for [appellate] review." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotations omitted); *see also Vantage Health Plan*, 913 F.3d at 451 (a court's "failure to provide sufficient reasons" to "enable appellate review" is abuse of discretion). "The 'relevant facts and circumstances of the particular case' inform the factors that a court weighs on both sides." *Bradley ex rel. AJW*, 954 F.3d at 225 (quoting *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981)).

The Court's sealing order in this case, following Plaintiff's scant sealing motion, failed to meet this high burden. Instead, in a single paragraph, within an order addressing multiple matters, the Court wrote briefly that Plaintiff "adequately explained a necessary basis for confidentiality." Dkt. 44 at 1. The order did not contain sufficient detail to permit appellate review, *see Le*, 990 F.3d at 419; *Vantage Health Plan*, 913 F.3d at 451, nor did it reflect the requisite document-by-document, line-by-line evaluation. *June Med.*, 22 F.4th at 521. The inadequacy of the Court's sealing order is best reflected in its decision not to address the parties' disagreement over which specific materials should be sealed. Dkt. 44 at 1; Dkt. 41 at 2. Additionally, the Court did not issue any order granting Defendants Bopp and Bopp Firm permission to seal any of the materials they filed under seal unilaterally. Dkt. 45, 46. *Compare June Med.*, 22 F.4th at 521 (finding district court "erred by failing to evaluate all of the documents individually") *with Vantage Health Plan*, 913 F.3d at 451 (affirming unsealing of confidential business information where court "proceeded document-by-document and line-by-line to determine which sections of the documents should be redacted or sealed entirely").

Given these deficiencies, the materials should never have been sealed in the first place, and they should be unsealed now.

### C. Movant and the Public are Entitled to Inspect the Material Sealed Here Under the Common Law Right of Access to Judicial Records.

Movant, like all members of the public, has "a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The "'public's right of access to judicial records is a fundamental element of the rule of law.'" *June Med.*, 22 F.4th 512 at 519 (quoting *Leopold*, 964 F.3d at 1123); *Le*, 990 F.3d at 417. Indeed, in this Circuit, "the working presumption is that judicial records should not be sealed." *Le*, 990 F.3d at 419.[4] This presumption of access is insurmountable where, as here, the information contained in the sealed records is mostly already public. *June Med.*, 22 F.4th at 520–21 (aligning with "the Supreme Court and our sister circuits" to find that "[p]ublicly available information cannot be sealed") (citing cases).

Where records are not in the public domain, under the common law right of access, the court "must balance the public's common law right of access against the interests favoring nondisclosure." *Bradley ex rel. AJW*, 954 F.3d at 225 (citing *Van Waeyenberghe*, 990 F.2d at 848). "The secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Le*, 990 F.3d at 421. Once documents have "enter[ed] the court record," the standard to justify continued sealing is "arduous." *Id.* at 420.

Here, the records should be disclosed under the common law because much of the information is in the public domain and the balancing of interests leans in favor of disclosure. *See Van Waeyenberghe*, 990 F.2d at 848; *In re Gee*, No. 19-30953, 2019 WL 13067384, at *4 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring).

---

[4] It is beyond dispute that all records at issue, which were all filed to the docket, are "judicial records" for unsealing purposes. "Once a document is filed on the public record it becomes a 'judicial record.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

**1. Information in the sealed records is already public and therefore cannot remain under seal.**

The records should be unsealed when "much of the information therein is available elsewhere." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (upholding unsealing of business records). "[P]ublicly available documents . . . *already* belong to the people" and cannot remain under seal. *June Med.*, 22 F.4th at 520 (ordering district court on remand "not [to] seal or order redaction of any publicly available documents or information"); *see also In re Gee*, 2019 WL 13067384, at *2 (criticizing sealing order for "sealing these documents that are already public") (Elrod, J., concurring); *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 400 (5th Cir. 1987) (affirming unsealing where copies of sealed documents were provided to third party). Other Circuits agree with this commonly accepted rule. *See, e.g.*, *Washington Post v. Robinson*, 935 F.2d 282, 291–92 (D.C. Cir. 1991) (vacating order granting a motion to seal where the information was publicly available).

Information contained in the sealed records is already available in unsealed filings, both on this docket and in documents filed in the Austin County Litigation. On this docket, Plaintiff addressed the contents of sealed Exhibit J in detail in the preliminary injunction motion. In that motion, Plaintiff articulated the following details drawn directly from the sealed exhibit:

- "On November 10th, TTV paid $500,000 to Bopp and The Bopp Law Firm as a 'retainer.'" Dkt. 41-1 at 8 (citing "Exhibit J, a true and correct copy of TTV's Wells Fargo records at TTV009").

- "On November 12th, TTV paid $350,000 to Phillips and OPSEC as a 'retainer.'" *Id.*

- "TTV paid Engelbrecht personally $30,000," *id.* at 11 (citing "Exhibit J at TTV006 (11/30 transaction) and TTV009 (11/10 transaction)").

- TTV paid "Phillips' OPSEC $750,000 (and continued to do so even after Plaintiff filed suit)," *id.* (citing Exhibit J "at TTV009 (11/12 transaction)").

- TTV paid "The Bopp Law Firm $500,000," *id.* (citing "Exhibit J at TTV009 (11/10 transaction)").

Plaintiff repeated each of the above details and citations to specific pages in Exhibit J in asserting there was a "direct, proven connection" between Defendants' "wrongful conduct" and each defendant's bank account that received transfers from TTV. *Id.* at 19.

Much of this same information and at least one portion of the sealed records were also filed to the Austin County Litigation docket. As part of an exhibit on that docket, Defendants Bopp and the Bopp Firm filed what appears to be a printout of TTV's bank statement from Wells Fargo. A true and correct copy of Defendants' filing to the Austin County Litigation, *Eshelman v. True the Vote, Inc., et al.*, No. 2021V-0015 (155th Jud. District, Austin County, TX, filed Feb. 1, 2021), is attached as Exhibit 1 (hereinafter "Wells Fargo Bank Statement"). *See* Ex. 1 (Bopp Defs. 0013). The Wells Fargo Bank Statement corresponds to sealed Exhibit J on this docket. Like portions of sealed Exhibit J, as described in Plaintiff's injunction motion, the Wells Fargo Bank Statement is marked "TTV0010" and contains monetary transactions from November 2020. *Compare* Dkt. 41-1 at 14 (describing an "11/5 transaction" at "TTV0010") *with* Wells Fargo Bank Statement, Ex. 1. Further, the Wells Fargo Bank Statement introduced in the Austin County Litigation reflects the amount in TTV's bank account prior to Plaintiff's $2 million donation on November 5, 2020, which is currently sealed on this Court's docket. *See* Dkt. 41-1 at 1. According to the Wells Fargo Bank Statement, TTV had an "Ending Daily Balance" of "$2,332,240.67" immediately after a wire transfer of $2 million dollars from "Frederic N Eshelman." *Id.* These public disclosures by the same parties in the Austin County Litigation make it untenable for the same information and materials to remain sealed on this Court's docket.

Just as in *June Medical*, all records at issue here are already public and should be released on that basis alone. 22 F.4th at 520–21.

### 2. The records must be unsealed under the common law right of access because of the intense public interest in this matter.

Applying the common law's balancing test, in this case, overwhelmingly leans in favor of unsealing these records. The presumption of access is itself "one of the interests to be weighed on the public's side of the scales." *Bradley ex rel. AJW*, 954 F.3d at 225 (cleaned up); *see also id.* at 233 (finding presumption of access "alone outweighs any interest favoring nondisclosure"). Where "the case involves matters of particularly public interest," the "rationale for public access is even greater." *Id.* (cleaned up). Matters of public interest can include "the litigation's subject matter," *June Med.*, 22 F.4th at 520, as well as the parties' public prominence. *See Bradley ex rel. AJW*, 954 F.3d at 233 (finding that where "at least one of the parties is a public official or party of a public nature," factors tipped "in favor of disclosure"). In cases with heightened presumption of access due to matters of public interest, the court must balance any "compelling countervailing interests favoring nondisclosure." *Le*, 990 F.3d at 421.

The public interest in this case is undeniable with regard to both the subject matter and the parties' public prominence: The claims relate to a sizeable donation Plaintiff made to Defendants to fund a coordinated legal challenge to the outcome of the 2020 presidential election in several states. *See* Amended Compl., Dkt. 20 at ¶¶ 11–27. Just as in *Bradley* and *June Medical*, the gravamen of this lawsuit, and the public nature of the parties on both sides of the dispute, weigh strongly in favor of unsealing the records at issue. *Bradley ex rel. AJW*, 954 F.3d at 233; *June Med.*, 22 F.4th at 520. That balance is even more heavily in favor of unsealing where the parties' disclosures of substantially the same financial material in a related litigation undermines any countervailing interest in the continued confidentiality of those records. *Cf. June Med.*, 22 F.4th at 521 (publicly available information, the filing of which could reveal the identities of pseudonymous parties, "cannot be sealed"). And where, like here, disclosure of the sealed material allows the public to "monitor" the activities of public figures in shaping civil society, the public's interest remains "particularly legitimate and important." *Bradley*, 954 F.3d at 233. The legal dispute here concerns a $2.5 million donation to support challenging the outcome of the 2020 presidential election and whether

such donation was used to personally enrich Defendants. *See* Amended Compl., Dkt. 20 at ¶¶ 11–66. Little could be more in the public interest than the efforts of a well-funded few to undercut the role of citizens participating in the democratic process through voting.

Additionally, many of the parties to this dispute are prominent political figures. In particular, Plaintiff Eshelman is a prominent donor to political organizations, and Defendants TTV, Engelbrecht, and Bopp, are well known for their efforts to challenge the 2020 presidential election outcome. *See, e.g.*, Cassandra Jaramillo, *She Helped Create the Big Lie. Records Suggest She Turned It Into a Big Grift*, REVEAL (June 8, 2022), https://bit.ly/3AKz7Zt; Shawn Boburg & Jon Swaine, *A GOP donor gave $2.5 million for a voter fraud investigation. Now he wants his money back*, WASH. POST (Feb. 15, 2021), https://wapo.st/3AmJu4d; Jeanine Santucci, *Donor to pro-Trump group sues to get his money back after dropped election lawsuits*, USA TODAY (Nov. 27, 2020), https://bit.ly/3AjfVAE, Ex. 2. The public interest in both the subject matter and the parties is further reflected in the extensive media coverage this matter has received from Movant as well as the *Washington Post*, *USA Today*, and CNN, among other media outlets.

In addition, there are no countervailing interests favoring nondisclosure that outweigh this intense public interest. Courts have held that a "bald assertion of competitive harm is insufficient" to justify sealing. *Vantage Health Plan*, 913 F.3d at 451. Just because filings concern "confidential financial data" does not mean the presumption of access is overcome. *BP Expl. & Prod.*, 920 F.3d at 211. "American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense." *Le*, 990 F.3d at 421. Moreover, where the sealed records cut to the heart of this dispute, any countervailing interests are insufficient to justify keeping them sealed. *Compare Van Waeyenberghe*, 990 F.2d at 850 (finding the district court abused its discretion in sealing a settlement agreement that played a central part in the court's decision), *with Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2012 WL 4625679, at *2 (S.D. Tex. Sept. 30, 2012) (granting sealing of business records that had "no bearing on the central issue in this case"); *see also F.T.C. v. Standard Fin. Mgmt. Corp.*, 830

F.2d 404, 412 (1st Cir. 1987) (unsealing financial statements appropriate because parties failed to demonstrate "that cognizable harm is lurking in the background").

In their motion, the parties only vaguely asserted one reason might justify sealing: the potential competitive or financial harm that could result from disclosure to the public docket. Dkt. 41 at 5. But, as in *Vantage Health Plan*, this reasoning is insufficient where it is not only vague but the filings at issue cut to "the heart of this dispute." *See* Dkt. 41 at 1–3, 5; Dkt. 42 at 2; Dkt. 20 at ¶¶ 9, 18, 81–82. Where no actual countervailing reason exists to seal, the records should be disclosed.

## V. CONCLUSION

For these reasons, the Court should grant Movant-Intervenor leave to intervene and unseal all records that are currently sealed on the docket in this matter.

DATED: September 9, 2022

Respectfully submitted,

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky (*pro hac vice* pending)
Cal. Bar No. 311892
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
vbaranetsky@revealnews.org

Thomas S. Leatherbury
Southern District No. 19358
Texas Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue, Ste. 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 999-7792
tleatherbury@velaw.com

Peter Steffensen
Southern District No. 3372006
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Attorneys for Movant-Intervenor

## CERTIFICATE OF WORD COUNT

I hereby certify that there are 3,993 words in this Motion, excluding the case caption, signature block, and certificates.

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky

-13-

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 2, 2022, I emailed counsel of record for Plaintiff Fredric N. Eshelman and Defendants True the Vote, Inc., Catherine Engelbrecht, Gregg Phillips, OpSec, LLC, James Bopp, Jr., and The Bopp Law Firm to request their clients' consent to unseal the sealed records in this matter. On September 2, 2022, counsel for Defendants responded that they do not consent. On September 8, 2022, counsel for Plaintiff responded that Plaintiff consents to unsealing. *See* Ex. 3.

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky