UNITED STATES DISTRICT COURT

| | |
|---|---|
| **FREDRIC N. ESHELMAN.**<br>　　*Plaintiff,*<br><br>　　v.<br><br>**TRUE THE VOTE,**<br>　　*Defendant* | CIVIL ACTION NO. 4:20-CV-04034 |

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

## RESPONSE OF TRUE THE VOTE, CATHERINE ENGELBRECHT, WILLIAM ENGELBRECHT, GREGG PHILLIPS AND OPSEC IN OPPOSITION TO MOTION TO INTERVENE AND UNSEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CHARLES R. ESKRIDGE III:

Defendants, TRUE THE VOTE, CATHERINE ENGELBRECHT, WILLIAM ENGELBRECHT, GREGG PHILLIPS AND OPSEC, INC. file this response to the Motion to Intervene and Unseal filed by Center for Investigative Reporting and with respect thereto would show the court as follows:

### PRELIMINARY STATEMENT

1.  Well over a year and a half ago, this Court properly sealed highly proprietary information from public view, upon agreement of the parties. Now, under the guise of journalistic investigation, the Center for Investigative Reporting seeks unsealing of records that include

matters which would not, could not be a matter of public interest.  In particular, bank and other specific financial records of Defendants which have been properly sealed should not be unsealed, and there is no compelling matter of public interest that would ever require it.

## BACKGROUND FACTS

2.      True the Vote is a 501c(3) corporation that was founded by Catherine Engelbrecht in 2010.  The organization grew out of efforts by Ms. Engelbrecht and a small group of friends to monitor election procedures and provide support, training and education to others to work toward integrity at the ballot box.  These local efforts grew such that True the Vote is regularly called upon to provide their services in many places around the country.  The organization is non-partisan public service group, and therefore qualifies as a charitable institution to whom donations may enjoy tax benefits.  To our knowledge, True the Vote is the only organization in the country dedicated to these efforts in this manner.

3.      Following the 2020 Presidential Election, and while there were many and various suggestions of irregularities in the election process itself, Plaintiff Eschelman donated a substantial amount of money to True the Vote, which was engaged in many aspects of investigating and attempting to ensure election integrity.  Plaintiff Eschelman was not satisfied with the timing and lack of success of the True the Vote activities, and demanded his money returned.  The underlying lawsuit involved Plaintifff's efforts to have the money returned.  Defendants opposed the return of the money for, among other reasons, a donation of the manner that was made is not subject to a claw back and was not given conditionally at the outset.  After a hearing with this Court, where many questions were asked about some of the factual allegations made, Plaintiff Eschelman dismissed his lawsuit, but refiled in the District Court of Austin

County, Texas.  Thereafter, the case was dismissed for want of jurisdiction.  That ruling was appealed, and the parties are waiting on a ruling from the Fourteenth District Court of Appeals.

## BANKING AND FINANCIAL RECORDS SHOULD NOT BE UNSEALED

4. Intervenor seeks confidential banking records which include not only amounts, expenditures but also account numbers.  Here, despite protestations to the contrary, the records which are sealed and which should continue to be sealed, are easy to identify—the bank records and account numbers of bank accounts contained therein which were part of Exhibit J, Document 45.

5. Intervenor correctly identifies that a balancing test must be used to measure the public's common law right of access against the interests favoring non-disclosure.  "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."  *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020).  While there is a presumption favoring public access to judicial records, the "relevant facts and circumstances of the particular case" inform the factors that a court must weigh to determine how the balancing test should result.  *Belo Broadcasting Corp.,* 654 F. 2nd 423, 430 (5th Cir. 1981).

6. Of great interest is the fact that Intervenor admits it has acquired documents and pleadings in the Austin County matter which followed this case and has recitations of payments and amounts there.  Such payments have not been denied in this Court or in Austin County.  In other words, Intervenor already has the information which it seeks, to the extent that it is

relevant.  What urgent interest does Intervenor have in these records if it claims, as it has in this document, to already possess them?

7. The Defendants most surely have a privacy right and right to confidentiality of the amount of money it has in the bank.  There is no public interest to be served by letting others know how much Defendants have in the bank.  No case could be found in the context of sealing or unsealing records which suggest account balances are somehow a compelling public interest.  This is the exact sort of information which any balancing test would cause Intervenor to fall well short of the mark.

8. Intervenor also seeks, and Defendants object to, the unsealing of any record which would reveal account numbers at Defendants' bank or those of others with whom Defendants transact business.  In fact, the Federal Rules of Civil Procedure *require* the redaction and the withholding of account numbers for privacy protection purposes.  Rule 5.2(a), FCRP.  The very purpose of this provision in the Rules of Procedure is to protect privacy and security concerns for such accounts relating to the availability of documents in public forums.  *See* Committee Notes on Rules, 2007.

9. There is no reason whatsoever for Intervenor to acquire the financial account numbers for Defendants' bank.  What possible use could Intervenor have for the bank account numbers?  On the other hand, in and at a time when cyber security is a matter of national concern at all times, Defendants have a very specific interest in the confidentiality of these bank account numbers.

10. Intervenor has presented no reason, no justification for unsealing these records.  It is not a matter of public interest.  There is no particular reason why bank balances and account numbers make any difference in the inevitable hatchet job that will or has come of what now passes for

journalism. Intervenor wants the information, as best as can be seen, just because it is sealed. That is not a sufficient reason and this motion should be denied.

Respectfully submitted,

THE AKERS FIRM, PLLC

By: */Brock C. Akers/*

Brock C. Akers
State Bar No. 00953250
The Clocktower Building
3401 Allen Parkway, Ste. 101
Houston, Texas 77019
(713) 877-2500
1-713-583-8662 (Fax)

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 30th day of September, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/Brock C. Akers/*

Brock C. Akers