D. Victoria Baranetsky (*pro hac vice* pending)
Cal. Bar No. 311892
THE CENTER FOR INVESTIGATIVE
REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org
Telephone: (510) 982-2890

Thomas S. Leatherbury
Southern District No. 19358
Texas Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue, Ste. 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 999-7792
tleatherbury@velaw.com

Peter Steffensen
Southern District No. 3327006
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Attorneys for Movant-Intervenor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

FREDRIC N. ESHELMAN,
    *Plaintiff,*

v.

TRUE THE VOTE, INC.,
CATHERINE ENGELBRECHT,
GREGG PHILLIPS,
OPSEC, LLC,
JAMES BOPP, JR., AND
THE BOPP LAW FIRM,
    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:20-cv-04034

**REPLY IN SUPPORT OF OPPOSED
MOTION TO INTERVENE AND TO
UNSEAL COURT RECORDS**

Before: Judge Charles Eskridge, III

On September 30, 2022, Defendants James Bopp, Jr. and The Bopp Law Firm, PC ("Bopp Defendants"), and Defendants True the Vote, Catherine Engelbrecht, William Engelbrecht, Gregg Phillips, and OPSEC ("TTV Defendants") filed their separate responses in opposition to proposed-Intervenor Center for Investigative Reporting's ("CIR") Motion to Intervene and to Unseal Court Records. Dkts. 60, 61, 62.[1] CIR files this brief reply to emphasize three points: (1) redaction, not wholesale sealing, is the appropriate mechanism to protect confidential information; (2) unsealing serves a compelling interest in permitting CIR—acting as a surrogate for the public—to validate that the records sealed here are identical to the information filed in the Austin County Litigation; and (3) as previously stated, sealing requires a party to explain with particularity its justification for continued sealing of records.

## I.  Redaction of Confidential Information is Preferable to Sealing.

Both the Bopp Defendants and TTV Defendants argue that continued sealing of account numbers and wire transfer numbers is necessary because it is required by the Federal Rules of Civil Procedure to protect the privacy and security concerns raised by the public filing of that information. Dkt. 61 at 2-3, Dkt. 62 at 4-5. To be clear, CIR does not oppose the redaction of these identifiers in accordance with Rule 5.2, which requires the unilateral redaction of all but "the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a)(4).

CIR does however oppose the wholesale sealing of a particular record simply because the record contains financial account identifying information. The "extent of sealing" of a particular record must be "congruent to the need" to protect the information at issue. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); *see id.* n.42 ("consider[ing] redaction instead of sealing" is an important part of the sealing analysis (citing *In re Gee*, No. 19-30953, 2019 WL 13067384, slip op. at 6-7 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring))). A court "should favor unsealing 'if appropriate redactions will satisfy privacy or other relevant concerns.'" *Harvest Nat. Res., Inc. v. Dario*, No. CV H-18-483, 2020 WL

---

[1] Plaintiff Fredric N. Eshelman does not oppose CIR's motion.

5819610, at *2 (S.D. Tex. Sept. 30, 2020) (citing *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015)); *see Test Masters*, 2015 WL 13768849, at *2 (where sensitive information at issue, courts should "consider whether redaction of the relevant information is an adequate substitute for sealing").

Here, the parties appear to agree that redaction under Rule 5.2 is sufficient to protect the account and wire transfer numbers contained in the sealed records. Continued sealing of those records therefore over-corrects for a problem that is remedied by simple redaction.

## II. Unsealing Permits the Public and CIR to Validate the Information Filed and Discussed Extensively in Two Different but Closely Related Lawsuits.

The TTV Defendants add that unsealing here is not in the public interest because CIR "already has the information which it seeks[.]" Dkt. 62 at 3. *First*, while it is true that CIR was able to obtain a record from the Austin County Litigation that contains indicators it *may* match sealed Exhibit J on this Court's docket, *see* Dkt. 60 at 14 (of 19), only a side-by-side inspection of these records can confirm that they match. Moreover, additional information in nonidentical records may be revealed. CIR, on behalf of the public, therefore has an additionally compelling interest in unsealing in order to be able to verify that these apparently corresponding records are identical. The press acts as a "surrogate[] for the public" when monitoring the business of the courts. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). Independently verifying documents—and the representations made about them—is an important role the press plays in "satisfy[ing the public] that justice [is] in fact being done." *Id.* at 572. Moreover, if the records filed on this Court's docket and in the Austin County Litigation are indeed identical, that fact cuts in favor of—not against—unsealing. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 ("[P]ublicly available documents … *already* belong to the people[.]") (emphasis in original); *see* Dkt. 60 at 13-14 (of 19).

*Second*, CIR has been able to obtain some, but not all, of the information it seeks. Unsealing will provide CIR and the public access to this remaining material. References to sealed Exhibit J in this litigation include citations to records that CIR was not able to obtain

from the Austin County Litigation. For example, in Plaintiff's preliminary injunction motion in this case, Dkt. 41-1, Plaintiff cites to copies of "Wells Fargo records" labeled "TTV006" and "TTV009." *Id.* at 8, 11, 19 (of 27). Though the Austin County Litigation record includes a document labeled "TTV0010" which was also cited in this litigation, *compare* Dkt. 60-1 *with* Dkt. 41-1 at 19 (of 27) (describing an "11/5" transaction" at "TTV0010"), CIR did not locate records labeled "TTV006" or "TTV009" in the Austin County Litigation after a diligent search. Because the unsealed filings in this case and in the Austin County Litigation reveal the contents of these sealed records, and because of the intense public interest at issue in this matter, these records should be unsealed. *See* Dkt. 60 at 13-17 (of 19).

### III.   Defendants Fail to Provide the Requisite Specificity Necessary to Justify Continued Sealing

As explained in Intervenor's opening brief, parties cannot seal judicial records unilaterally but instead, "must explain in particularity the necessity for sealing." *Pfeiffer v. Ajamie PLLC*, No. CV H-19-2760, 2019 WL 11717182, at *2 (S.D. Tex. Oct. 23, 2019) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019). In so doing the party must "articulate a specific harm that would be caused by the disclosure of the documents." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Once again, the TTV Defendants decline to explain with particularity any justification for the continued sealing of these records, Dkt. 62 at 4, despite it being a necessary showing. *See* Dkt. 60 at 10 (of 19). Instead, they assert a generalized "privacy right and right to confidentiality of the amount of money it has in the bank." To CIR's knowledge, the bank records under seal here involve Defendant True the Vote, Inc.'s corporate financial transactions during periods of time relevant to this litigation—not the personal financial dealings of Defendants Englebrecht, Phillips, or Bopp, Jr. Since "[n]o Texas authority has recognized a corporation's right to privacy[,]" TTV's assertion of that right cannot serve as a compelling justification for continued sealing here. *Doggett v. Travis Law Firm, P.C.*, 555 S.W.3d 127, 130 (Tex.App.—Hous. [1st Dist.] 2018, pet. denied). Nor has it established a

right to confidentiality in "the amount of money it has in the bank." Dkt. 62 at 4. This assertion is too vague to justify continued sealing, especially in light of the numerous instances in which the parties discussed these amounts openly in unsealed filings. *See* Dkt. 60 at 13-14 (of 19); *Select Interior Concepts, Inc. v. Pental*, 2020 WL 2132575 at *4 (N.D. Tex. May 5, 2020) (contention that disclosure of bank account information and bank statements "could potentially" cause competitive harm "far too vague and speculative" to justify sealing).

For these reasons, the Court should grant CIR's motion.

DATED: October 7, 2022

Respectfully submitted,

*s/ D. Victoria Baranetsky*

D. Victoria Baranetsky (*pro hac vice* pending)
Cal. Bar No. 311892
THE CENTER FOR INVESTIGATIVE
REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
vbaranetsky@revealnews.org

Thomas S. Leatherbury
Southern District No. 19358
Texas Bar No. 12095275
VINSON & ELKINS LLP
2001 Ross Avenue, Ste. 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 999-7792
tleatherbury@velaw.com

Peter Steffensen
Southern District No. 3327006
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Attorneys for Movant-Intervenor

## CERTIFICATE OF WORD COUNT

I hereby certify that there are 1,225 words in this Motion, excluding the case caption, signature block, and certificates.

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky

REPLY TO MOT. TO INTERVENE AND UNSEAL